Petitioner's writ operates on two discrete fronts. The first, of course, is that the court indulged in an overly myopic analysis of what the offenses were that petition claimed that she was a victim of, breaking it down into an illusory distinction between financial fraud and health care fraud. The petition is clear on its face that it alleges an overreaching, continuing scheme or conspiracy. The petition itself referred to it as a regal enterprise, but the point is the same, that these are not discrete offenses, but components of a larger, vaster, overarching conspiracy or scheme. The second point is that the court clearly erred in holding that, to the extent that she was a victim, that she was adequately conferred with pursuant to the mandate of the CVRA. The petitioner was never accorded any treatment other than as a witness, from the moment of the government's contact with her to the moment that they discarded her as a source of information. She was never afforded conferral rights or any of the other rights pursuant to the terms of the CVRA. As to the first point, these are interrelated offenses, pleaded as such, clearly set forth in the factual narrative as such. The overarching scheme had elements of financial fraud in which the Raymond A. Mirra and his associates stole money from the petitioner, of health care fraud in which they used monies that they stole from her.